**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Nathreen Nakanwagi, | No. CV-21-08065-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Economic Security, et al., | |
| Defendants. | |

On August 30, 2021, the State of Arizona—the only remaining Defendant in this action—filed a motion for judgment on the pleadings. (Doc. 22.)

On September 10, 2021, pro se Plaintiff Sarah Nathreen Nakanwagi filed a motion seeking an extension (of an unspecified amount of time) of the deadline for her to respond to Defendant's motion for judgment on the pleadings. (Doc. 23.)

On September 13, 2021, the Court granted "a 14-day extension of Plaintiff's deadline to respond to the motion for judgment on the pleadings, which double[d] the amount of time she would have otherwise had to respond" and explicitly warned Plaintiff that "if she fail[ed] to respond by the extended deadline, or if the response [did] not adhere to this order, the Court [would] summarily grant Defendant's motion pursuant to LRCiv 7.2(i)."

Plaintiff did not respond by the extended deadline, nor did she file another motion to extend the deadline.

LRCiv 7.2(i) provides that if the opposing party "does not serve and file the

required answering memorandum," to a pending motion, "such non-compliance may be deemed a consent to the . . . granting of the motion, and the Court may dispose of the motion summarily."  "Failure to follow a district court's local rules is a proper ground for dismissal."  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Furthermore, the Court "has the inherent power to dismiss a case *sua sponte* for failure to prosecute," *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962).

The Court weighs the same factors when dismissing for failure to follow the Court's rules or orders and/or when dismissing for failure to prosecute.  "Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions."  *Ghazali*, 46 F.3d at 53; *cf. Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."  *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  Dismissal is proper where "at least four factors support dismissal, or where at least three factors strongly support dismissal."  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).  Nevertheless, "[t]his 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent . . . or a script that the district court must follow."  *Conn. Gen. Life,* 482 F.3d at 1096.

Regarding the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal" and can "strongly" support dismissal.  *Yourish*, 191 F.3d at 990.  Regarding the second factor, Plaintiff's failure to meet an already-extended deadline and disregard of the Court's order and explicit warning has frustrated the Court's ability to manage its docket.  The Court finds that these two factors support dismissal.

The delay is minimal at this time, but further delay risks prejudice to Defendant. *Parker v. Shaw & Lines, LLC*, 2010 WL 1640963, *2 (D. Ariz. 2010) ("It is axiomatic that, as time passes, it becomes harder for Defendants to defend the action as witnesses become unavailable and memories fade.").  The third factor supports dismissal.

The fourth factor weighs against summary dismissal.  "Because public policy favors disposition of cases on their merits, this factor weighs against dismissal." *Wystrach*, 267 F. App'x at 608.

The fifth factor supports dismissal.  This factor requires the Court to consider whether less drastic sanctions could be appropriate, whether it has already tried them, and whether the noncompliant party has been warned that the case could be dismissed for failure to comply.  *Connecticut Gen. Life*, 482 F.3d at 1096.  Here, a local rule expressly permits the Court to "dispose of the motion summarily" when an "unrepresented party" fails to "file the required answering memoranda" for a motion.  LRCiv 7.2(i).  Moreover, Plaintiff was explicitly warned that the Court would summarily grant the pending motion if Plaintiff missed the extended deadline.  (Doc. 24 at 2.)  It is within the Court's discretion to dismiss the action summarily at this juncture.  *Parker*, 2010 WL 1640963, *2; *see also United States v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

The Court has considered whether less drastic sanctions could be appropriate in this case.  Available alternatives include, for example, "a formal reprimand, imposition of costs or attorney fees, or an adjudication of the motion without the benefit of plaintiffs' arguments in opposition."  *Wystrach*, 267 F. App'x at 608.  The Court has considered these other options and finds that they would not be appropriate sanctions for this pro se litigant, particularly in light of the Court's warning that it planned to summarily grant the motion if the deadline were missed.  The Court will dismiss the action without prejudice, which is the only less drastic sanction appropriate here.  *See, e.g.*, *Fader v. City of Phoenix*, 2013 WL 5446676, *2–3 (D. Ariz. 2013) ("[D]ismissal without prejudice is the

only acceptable less drastic sanction in this case.").

Accordingly,

**IT IS ORDERED** that Defendant's motion for judgment on the pleadings (Doc. 22) is summarily granted and Nakanwagi's claims are dismissed without prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that the parties' stipulation (Doc. 25) is denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment and terminate this action.

Dated this 29th day of September, 2021.

_____
Dominic W. Lanza
United States District Judge